Argued at Pendleton May 1; affirmed May 16; rehearing denied
June 27, 1933

# STATE *v.* HAWORTH

(21 P. (2d) 1091)

*Donald M. Graham,* of Prineville (N. G. Wallace, of Bend, on the brief), for appellant.

*Lake M. Bechtell,* of Prineville, District Attorney of Crook County, for the State.

CAMPBELL, J. Defendant was convicted of statutory rape and sentenced to a term in the penitentiary. From this judgment he appeals.

The parents of the prosecutrix live in a somewhat isolated district of Crook county where the school facilities are limited. In the fall of 1931, they brought their two girls, June and Eleanor, eight and 10 years of age respectively, to reside with defendant and his wife in the city of Prineville where they would have school advantages. The indictment charges that the offense was committed on the girl, Eleanor, while she was residing at the home of defendant.

The first assignment of error is based upon the admission of testimony of the mother of the prosecuting witness.

This witness was called by the state. She testified without objection that she was the mother of Eleanor, the prosecuting witness; that Eleanor complained to her of an act of intercourse with defendant and that it had occurred at the defendant's home on a night in May, 1931; she was then asked:

"Q. State when she told you the act occurred.

"A. She said — do you mean when the first occurred?

"Q. No, the last time".

To this question defendant's counsel objected without stating the grounds of his objection. The objection was overruled and the witness answered:

"Two weeks or three weeks before school was out. The 19th and three weeks before school was out, and it was two weeks before that".

No motion was made to strike the answer. It will be observed that the witness did not mention the name of defendant nor any particulars of the act. *State v. Whitman*, 72 Or. 415 (143 P. 112).

When the prosecutrix is under the age of consent, it is not necessary to corroborate her testimony by showing that she made complaint. It is not prejudicial error to permit evidence showing that she has complained to her mother for the purpose of affecting her credibility. It is not likely that a child, 10 years old, would submit to such treatment without telling her mother about it. In *State v. Whitman*, supra, it was held error (though in that case harmless) to permit the mother to testify to the name of the person that the prosecuting witness had told her had committed the offense. The answer in the instant case goes no further than showing that the prosecuting witness complained of such an act having been committed without mentioning the name of the party. In a rape case, under the exception to the rule of hearsay, such testimony is admissible, such a complaint being the natural expression of an outraged female.

"In applying this rule it has been held that while the witness should not be permitted to tell the particulars of the complaint, still enough may be given in evidence to show the nature of the complaint, even though

it involves to some extent the particulars thereof, and that the rule is not violated by evidence showing the time and place where the complaint was made, the circumstances under which it was made, the condition of the victim when making the complaint, * * *.'' 22 R. C. L. 1214.

■ ■ This assignment of error is based upon the admission of certain testimony given by the prosecuting witness.

She testified that the act occurred on three different occasions after she and her sister June retired, in her bedroom, twice when June was awake. She then asked if June said anything at the time. This question was objected to as incompetent. The objection was overruled and the witness answered: ''Well, she said, 'Damn you, get out of here!' ''

This was not trying to show that defendant attempted to commit a like offense on the sister. *State v. Putney,* 110 Or. 634 (224 P. 279).

■ ■ This assignment of error is based on permitting the prosecuting witness, over objection, to testify that her mother, at the home of and in the presence of defendant, in January, 1932, told her that she and her sister must obey defendant and his wife just the same as if they were her parents.

This is not a statement entirely unrelated to the facts in issue. It had a tendency to show the status of the relations between the parties. 52 C. J. 1070.

■ ■ This assignment of error is based upon an alleged limitation of cross-examination of the prosecutrix.

The court, in answer to an objection made by counsel for the state to a question propounded by counsel for defendant, said: ''It is not proper cross-examination''. Counsel for defendant argued that, counsel for

the state having opened up the transaction, the jury was entitled to know it all. The court then said, "Well go on. Be done with it". Thereupon the defense cross-examined at length without further objection. His chief complaint being that while he was permitted to proceed with the cross-examination the court granted the privilege somewhat ungraciously.

■ ■ This assignment of error is based upon the court permitting the prosecutrix to illustrate and explain how long a time is a minute.

In her examination, she testified that it took a minute to perform a certain act. A person frequently uses the word "minute" to signify a short space of time, just as the word "moment" is often used. The court was within its rights in permitting the prosecuting witness to illustrate and explain the length of time she meant when she used the word "minute".

■ ■ This assignment of error is based upon the fact that the state having shown by evidence several occasions and different dates on which defendant had committed a similar act to the one upon which the indictment was found, it did not elect upon which particular act the indictment was founded and on what particular date the act was committed that the prosecution relied on for a conviction, until the close of the state's testimony.

No motion was made by the defense requiring such election at any earlier time.

■ ■ This assignment is based on the court permitting Dr. Adkisson, over objection, to testify in rebuttal.

It was within the discretion of the court, and it was not an abuse of such discretion, to permit the witness to testify. It is also complained, in this regard, that

there was no foundation laid for the witness' testimony. It was not error to permit a physician to testify, from his general knowledge of girls of the age of the prosecutrix, regarding the matter to which the testimony was addressed.

■ ■ This assignment of error is based upon the refusal of the court to direct a verdict of not guilty.

There was ample evidence to take the case to the jury.

■ ■ ■ These assignments of error have reference to the refusal of the court to give certain requested instructions.

The same matters embraced in these requested instructions were satisfactorily covered in the court's general charge to the jury. It would serve no useful purpose to quote those instructions requested and those given.

■ This assignment of error is based upon the court's instruction regarding the penetration necessary to constitute rape.

The instructions given in that regard are the same as those approved by this court in *State v. Wisdom,* 122 Or. 149 (257 P. 826). Defendant's rights were amply protected by the court's instructions on that matter.

■ This assignment of error is based upon the court's refusal to grant a new trial.

The motion is based on the matters appearing of record and assigned as error, which assignments have been herein passed upon upholding the ruling of the court.

Finding no prejudicial error, it follows that the judgment should be affirmed. It is so ordered.

ROSSMAN, BEAN and BAILEY, JJ., concur.