Argued July 10, affirmed August 23, 1968

## STATE OF OREGON, *Respondent, v.*
## DWIGHT E. RANDOLPH,
*Appellant.*

444 P. 2d 545

*Oscar D. Howlett*, Portland, argued the cause and filed a brief for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

SLOAN, J.

Defendant appeals from a jury conviction of assault and robbery while being armed with a dangerous weapon. The sole question on appeal relates to alleged hearsay testimony given by a police officer which defendant claims was prejudicial error.

At the trial the evidence disclosed that the robbery was committed at a small grocery store. The only persons present during the robbery were the manager of the store and a clerk. Later when defendant was in custody on another charge and he became a suspect for the instant robbery, he was viewed in a police lineup by the manager of the store. The manager was unable to identify defendant at the lineup. During the trial, when the manager was called as a witness, he did identify defendant, who was, of course, in the courtroom, as the robber.

After the manager testified, a police detective who had investigated the robbery, was called as a witness. He was asked if the manager of the store immediately after the robbery, had been able to give a description of the robber. Over objection, the officer was permitted to give the description he swore that the manager had given him. The challenged testimony was: "Stated he was a colored subject, had ears close to the head, had a batlike appearance, quite dark appearance." The store manager as a witness had not been asked anything about this description.

By prior decisions of this court the detective's testimony was hearsay and inadmissible. *State v. Houghton,* 1903, 43 Or 125, 71 P 982; *State of Ore-*

*gon v. Lanegan,* 1951, 192 Or 691, 236 P2d 438; *State v. Hanson,* 1967, 250 Or 188, 433 P2d 828; *State v. Nunes,* 1968, 251 Or 49, 444 P2d 542.

As a part of its argument the state urges in effect that we adopt Rule 63(1) of the proposed Uniform Evidence Act.① In two previous cases this court has indicated tacit approval of such a rule. *State v. Opie,* 1946, 179 Or 187, 170 P2d 736; *State v. Herrera,* 1963, 236 Or 1, 7, 8, 386 P2d 448. However, in this case it is not necessary to decide if the proposed Uniform Rule should be adopted as a fixed rule of evidence because we have determined that the evidence, if error, was not prejudicial.

Defendant was otherwise convincingly identified by his fingerprints found on some items that the robber had handled at the store and by the positive identification made by the clerk at a police lineup and at the trial. "As a general rule, the receipt of incompetent evidence is not prejudicial error where the fact sought to be proved is fully and clearly established by other competent evidence." *State v. Lanegan, supra,* 192 Or at 695, 236 P2d at 441.

Although defendant, by his own testimony and by cross-examination of some of the state's witnesses claims that he cast doubt on the validity of the fingerprint evidence, the doubt did not actually tarnish the fingerprint identification. The question of the credi-

---

① Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

(1) Previous Statements of Persons Present and Subject to Cross Examination. A statement previously made by a person who is present at the hearing and available for cross examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness.

bility of the evidence was admittedly for the jury and obviously the jury was not impressed, nor are we, with the attempt to negate the fingerprint identification. The identification made by the clerk in the store was equally convincing.

The judgment is affirmed.