Argued March 7, affirmed September 10, 1969

# STATE OF OREGON, *Respondent, v.* STEPHEN MICHAEL KESSLER, *Appellant.*

458 P2d 432

*Oscar D. Howlett*, Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer*, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the crime of assault and robbery while armed with a dangerous weapon.

On April 14, 1967 at approximately 9:00 p.m. two men robbed Kienow's Market in Portland, Oregon. Each of the men wore a welder's cap and silk stocking

pulled over his face. Stuart Shelley, the employee in
Kienow's Market upon whom the assault was com-
mitted, was asked at the trial if he could identify the
defendant as he sat in the courtroom. He responded
that he could not positively identify him. Defendant
was then ordered to place a stocking mask over his
face and put a welder's cap on his head. Mr. Shelley
then positively identified him as one of the men who
robbed the store. On cross-examination defendant's
counsel attempted to impeach Shelley's testimony re-
lating to his identification of defendant. A part of the
cross-examination was as follows:

"Q: You never went down [to the Police De-
partment] and looked at the mug book?
"A: No sir, they brought pictures out to the
store."

On redirect examination the state further questioned
Shelley concerning the procedure that was followed
by the police in presenting Shelley with the photo-
graphs for the purpose of identifying defendant.
Shelley responded that the morning following the rob-
bery a detective brought about nine photographs from
which Shelley selected a photograph of defendant. De-
fendant assigns as error the trial court's ruling that
this testimony was admissible.

We recently held in *State v. Nunes*, 86 Or Adv Sh
1347, 444 P2d 542 (1968) that there was no error in
admitting the victim's testimony that he had identified
the defendant at the line-up as the robber. In that case
it was brought out in cross-examination that the victim
was shown photographs prior to the trial and he had
picked defendant's picture from among the photo-
graphs shown to him. We held that since this evidence
was brought out on cross-examination "[d]efendant

cannot, therefore, claim error in the receipt of that testimony." 444 P2d at 543.

■ The same principle is applicable in the present case. The victim's testimony brought out on cross-examination revealed to the jury that he had been shown photographs of persons who might have committed the crime. Without more the jury could have inferred that the victim was unable to identify the defendant from any of the photographs shown to him. This would certainly weaken the witness' identification in court. Under these circumstances the state was entitled to overcome this possible inference by showing that the witness had identified defendant in one of the photographs.[1]

■ Defendant next assigns as error the giving of the following instruction to the jury:

"* * * Now every witness is presumed to speak the truth. This presumption may be overcome by the manner in which the witness testifies, by the nature of his or her testimony, by evidence affecting his or her character, interest or motive, by contradictory evidence or by a presumption."[2]

---

[1] State v. Nunes, 86 Or Adv Sh 1347, 444 P2d 542 (1968); State v. Wong Wen Teung, 99 Or 95, 100, 195 P 349 (1921). It is not necessary for us to consider the admissibility of the extrajudicial identification of the accused under other circumstances. See Annot., 71 ALR2d 449 (1960); IV Wigmore, Evidence 208 (1940); Wigmore, Evidence-Corroboration by Witness' Identification of Accused on Arrest, 25 Ill L Rev 550 (1931); Note, 36 Minn L Rev 530 (1952); Note, 27 N Y U L Rev 367 (1952); Comment, 30 Rocky Mt L Rev 332 (1958).

[2] This instruction is based upon ORS 44.370 which provides as follows:

"A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence. Where the trial is by the jury, they are the exclusive judges of his credibility."

It is defendant's contention that where, as in the present case, the defendant does not present any evidence, the instruction which in effect tells the jury that they are to accept as true all uncontradicted testimony operates exclusively in favor of the state and thus amounts to a presumption of guilt, rendering nugatory the presumption of innocence to which the defendant is entitled.

■■ The bare instruction in criminal cases that a witness is presumed to tell the truth has been criticized.⑧ However, where the instruction includes, as it did in the present case, an explanation of how the presumption can be overcome it is not considered prejudicial or as rendering nugatory the presumption of innocence.⑨ Although it might be preferable not to instruct the jury in criminal cases where defendant does not take the stand that a witness is presumed to speak the truth, we find no error in giving the instruction if accompanied by an explanation of how the presumption can be overcome.⑩ In considering the possible harm that may be done to the accused by an instruction which militates against the presumption of innocence it should be borne in mind that this so-called presumption is not a true presumption at all in the sense of an inference based on probability, and at most it is nothing more than another way of emphasizing the

---

⑧ See United States v. Perisco, 349 F2d 6, 19 (2d Cir 1965); United States v. Meisch, 370 F2d 768, 773 (3d Cir 1966); United States v. Johnson, 371 F2d 800, 804 (3d Cir 1967); United States v. Bilotti, 380 F2d 649, 655 (2d Cir 1967).

⑨ United States v. Bilotti, *supra* note 3 at 655.

⑩ It is to be noted that in Oregon the presumption that a witness is presumed to speak the truth is a statutory presumption. ORS 44.370. However, there is no statutory mandate requiring that an instruction embodying the statute be given. *Cf.* ORS 17.250.

state's burden of proving the defendant's guilt beyond a reasonable doubt.[6] For this reason it has been suggested by eminent authority that an instruction on the so-called presumption of innocence might well be dispensed with entirely.[7] But even if the presumption of innocence is regarded as serving some purpose as some have argued,[8] we do not think that the instruction which defendant now attacks deprived him of the benefits of that presumption because, as we have already said, the explanation of how the presumption of credibility could be overcome would inform the jury that the presumption was not tantamount to a declaration of defendant's guilt.

■ Finally, defendant contends that the court erred in denying his motion for a judgment of acquittal on the ground that there was not sufficient evidence to identify defendant as the robber. We have found that there was evidence from which the jury could conclude that defendant was the robber. Therefore this assignment of error is without merit.

The judgment is affirmed.

[6] McCormick, Evidence, p 649 (1954).

[7] *Id.* at 648–649.

[8] See 9 Wigmore on Evidence 407 (1940).