Argued November 19, affirmed December 18, 1969

STATE OF OREGON, *Respondent, v.*
KENNETH GENE CATHEY,
*Appellant.*

462 P. 2d 465

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued

the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

LANGTRY, J.

Defendant was convicted of burglary in a dwelling house. ORS 164.230. A second count of the indictment charging larceny in a dwelling, ORS 164.320, was dismissed after the jury was unable to agree on a verdict. This appeal assigns as error: (1) the court's instruction that the witnesses are presumed to speak the truth nullifies the presumption of defendant's innocence, and (2) there was insufficient evidence to support the verdict.

■ (1) The questioned instruction was exactly the same as the one approved in *State v. Kessler*, 254 Or 124, 458 P2d 432 (1969). Further, the defendant put on a case, and placed in issue the credibility of the state's witnesses. We held in *State v. Smith*, 1 Or App 153, 458 P2d 687 (1969) Sup Ct review denied (1970), that the claim of error made here is not available under such circumstances.

■ (2) The evidence was that a Mr. Woertendyke met defendant in a bar with friends. He took defendant home overnight with him, and defendant accompanied Woertendyke when he left in his car for work next morning. Woertendyke's home was not occupied by anyone else that day, and during the day, while he was gone, it was burglarized. A neighbor testified that he saw defendant and Woertendyke leave together in the morning. He saw defendant come back with another person about two hours later, enter Woertendyke's home and carry property away. He positively and repeatedly stated that the person who

left in the morning with Woertendyke was the same as one of the two who came back two hours later. Woertendyke testified that an electric wall clock that had been up in the morning had been taken down but left in the house on the range. A fingerprint on the clock was positively identified as defendant's. Defendant in his testimony denied the burglary, and explained the fingerprint on the clock by saying that he reset the clock at Woertendyke's request while they were together in the home in the morning. Woertendyke denied this.

The evidence was disputed, and the decision was for the jury. ORS 44.370.

Affirmed.