Argued June 19, affirmed July 27, petition for rehearing denied
August 23, petition for review denied September 6, 1972

STATE OF OREGON, *Respondent, v.* CONNIE R.
BLOCHER (No. 20150), *Appellant.*

499 P2d 1346

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the briefs for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant was indicted for the second degree murder of her stepchild, a three-year-old girl, and convicted of voluntary manslaughter. She appeals, alleging that (1) the evidence was insufficient to go to the jury, (2) an instruction and verdict on a lesser included offense was erroneous, and (3) the instruction based

on the statute saying that a witness is presumed to tell the truth denied her the presumption of innocence.[1]

The child died on September 15, 1971 at a hospital in Salem, Oregon to which she was taken after she evidenced severe illness at her home on the evening of September 10. The cause of death was traumatic injury to the brain. One of the attending physicians testified:

> "* * * One of the striking things * * * was the fact that her entire body was covered with bruises of all ages. Upon examining her for the functions of the brain, it was immediately apparent that she had undergone a lot of brain damage. * * * Her breathing was abnormal, and she was really dying."

She had been in the exclusive care of defendant immediately preceding the time that her condition became critical. Defendant offered no evidence for the child's condition except innuendoes that the child's father may have caused the injury, or the child may have fallen, and denied physical abuse of the child except for a moderate spanking. Defendant was implicated by the testimony of her husband with physical punishment of the child during the preceding weeks. A neighbor testified in detail about a severe beating which he had witnessed the defendant administer with a wooden paddle to the deceased child and an older brother a few weeks prior to the child's death. The defendant denied any such beating. There were pronounced discrepancies between statements the defendant made after her arrest and what she stated on the witness stand.

---

[1] ORS 44.370. "A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence. Where the trial is by jury, they are the exclusive judges of his credibility."

■■ (1). The evidence was circumstantial and sufficient to go to the jury. A reasonable inference could be drawn from the state's evidence that defendant had followed a course of cruel and malicious treatment of the child which culminated in her death. Further, defendant's denial of the beating which she was described to have given with a paddle to the children entitled the jury, if it believed that the neighbor's version of what occurred was true, to believe that she had a consciousness of guilt.

> "A party's falsehood or other fraud in the preparation and presentation of his cause is an indication of his consciousness that his case is weak or unfounded and from that consciousness may be inferred the cause's lack of truth and merit. 2 Wigmore, Evidence, § 278 (3d ed). In a criminal case such conduct is an indication of his consciousness of guilt and from that consciousness his actual guilt can be inferred * * *." *State v. Carroll,* 251 Or 197, 201, 444 P2d 1006 (1968).

■ (2). Defendant's counsel requested the court not to give instructions on the included offense, voluntary manslaughter. The court did give the instruction and the jury found the defendant guilty thereof. Voluntary manslaughter is an included offense. The evidence about abuse of the child preceding her death was such that the jury could conclude that the defendant bore the child malice. This not only supports the charge of second degree murder, but also voluntary manslaughter, if, as it must have, the jury concluded that the defendant did not intend to kill the child but that she nevertheless bore the child malice and beat her, with death resulting. *State v. Bates,* 241 Or 263, 405 P2d 551 (1965).

The state had requested an instruction on the

included offense. The defendant under these circumstances cannot, by her request, prevent the court from giving the instruction.

"* * * And where the evidence is sufficient to raise a doubt, however slight, as to whether the homicide is one of two or more degrees, the court must charge on all such degrees. [Citing authorities.] Under what appears to be the weight of authority the court is required to give such instructions although not specifically requested * * *." *State v. Wilson,* 182 Or 681, 684-85, 189 P2d 403 (1948).

■ (3). Defendant asserts that the instruction based upon ORS 44.370 was error, citing *Naughten v. Cupp,* No. 71-3065 (9th Cir, filed May 24, 1972). In *Naughten,* a panel of the United States Ninth Circuit Court of Appeals held that giving this instruction was reversible error. There, the defendant did not take the stand or call any witnesses. Here, defendant testified and called several defense witnesses. In that respect, the *Naughten* case is distinguishable. In *State v. Smith,* 1 Or App 153, 165, 458 P2d 687 (1969), in a similar situation we said that the claim of error merits serious consideration had the defendant not put on a case. But in *State v. Smith,* supra, as here, the defendant took the stand and produced other witnesses. We pointed out that federal courts under similar circumstances have held that the instruction is not erroneous. Indeed, in *Smith v. United States,* 390 F2d 401, 404 (9th Cir 1968), a case where the defendant did not take the witness stand and no objection was made to the instruction, a different panel of the Ninth Circuit observed that the challenged instruction had been used traditionally in the circuit and was not "plain error." The panel of the Ninth Circuit which granted habeas

corpus in *Naughten* did not refer to the decision of the same court in *Smith v. United States,* supra, in its opinion. It also ignored the opinion in *State v. Kessler,* 254 Or 124, 458 P2d 432 (1969), in which the Supreme Court of Oregon upheld the giving of the statutory instruction under consideration here.[2] In *Kessler* the defendant did not take the witness stand. The Oregon Supreme Court held that the instruction was properly given because, besides telling the jury that every witness is presumed to speak the truth, it includes an explanation of how the presumption can be overcome and thus does not render nugatory the presumption of innocence. We are not bound, indeed it would be impossible, to apply the apparent conflicting opinions of different panels of the United States Ninth Circuit Court of Appeals in this situation. We are bound by the opinion of the Supreme Court of Oregon.

Affirmed.

---

[2] We invite attention of trial judges to n 5 in State v. Kessler, 254 Or 124, 128, 458 P2d 432 (1969):

"It is to be noted that in Oregon the presumption that a witness is presumed to speak the truth is a statutory presumption. ORS 44.370. However, there is no statutory mandate requiring that an instruction embodying the statute be given. Cf. ORS 17.250."