Argued September 21, affirmed October 27, petition for
rehearing denied November 22, 1972, petition
for review denied January 17, 1973

STEPHEN M. KESSLER, *Appellant, v.* CUPP
(No. 71097), *Respondent.*

502 P2d 281

*Robert C. Cannon,* Law Clerk, Salem, argued the
cause for appellant. With him on the brief were Gary

D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal from an order dismissing a post-conviction petition in which petitioner sought to set aside his armed robbery conviction. Petitioner contends that the in-court identification procedure violated due process standards. He also urges that the court should have allowed his motion to reopen the post-conviction proceedings to reconsider the holding of the Supreme Court of Oregon in *State v. Kessler,* 254 Or 124, 458 P2d 432 (1969), in light of the holding of the Ninth Circuit Court of Appeals in *Naughten v. Cupp,* No. 71-3065 (9th Cir., filed May 24, 1972).

Defendant was convicted of the April 14, 1967 armed robbery of Kienow's store at 39th and Division in Portland. Two men ran into the store at closing time. Each had a gun and each wore a welder's cap and had a silk stocking over his head and face. One of the robbers required Mr. Shelley, the person in charge of the store, to go into the office with him and open the safe. The escape car ran into a telephone pole a few blocks from the store; some of the money and a stocking mask and welder's cap were found in the car and another stocking and welder's cap a short distance away. The robbers escaped.

At the trial the principal witness for the state was Mr. Shelley, the assistant manager of the store who had opened the safe at gunpoint for the robber. He was asked by the prosecutor:

"Q.  Mr. Shelley, do you recognize, seated in this courtroom anywhere, either one or both of the individuals who came into your store that evening?

"A.  As I said, they had silk stockings over their faces, they were very distorted and I can't come out and say I know this gentleman, sir."

After objection by defendant and considerable discussion, including in camera proceedings, petitioner was required by the court to don the stocking and welder's cap, and the witness Shelley positively identified him.

"A.  I looked at him directly for 15, 20 seconds and when he was in the office I had a better look at him because we were face to face.

"Q.  How far apart were you?
"A.  Two, three feet.

"Q.  How long were you in the office with him?
"A.  Oh, a minute or so. Minute and a half.

"Q.  Now Mr. Shelley, as you examine this individual seated here and as he was up there in front of you wearing the other stocking, would you tell us how he compares in appearance with the person who was in your store that night?
"A.  He is the same man, sir.

"[PROSECUTOR]:  All right, your Honor, I think the defendant can remove —

"THE COURT:  All right, remove the exhibits, Mr. Howlett.

"Q.  All right, Mr. Shelley, how is it that you think he is the same man?
"A.  I remembered what he looked like with the stocking and that cap on, face to face.

"Q. Do you recognize him with the stocking on or off?

"A. On, sir."

And on cross examination:

"[DEFENSE COUNSEL:] Q. And what you have testified here is that — or at least when the defendant places the stocking on and the cap on, you say he is the same man?

"A. Yes, sir.

"Q. Without the stocking and without the cap what is your testimony then?

"A. I didn't see him without the stocking or cap, sir.

"Q. I am asking you though, when you see him without the stocking and without the cap, what are you able to say?

"A. No.

"Q. All right. Now then, the vision you see with the cap on and the stocking on is an appearance very near to what you saw that night, right?

"A. The same, sir, yes."

■ Petitioner contends that requiring him to don the stocking and welder's cap was an abuse of the trial court's discretion and denied him due process of law. His contention is that once the witness said he could not recognize the defendant as he appeared there in the courtroom before he placed the stocking over his head and face, it was unfair and a denial of due process to require the defendant to don the stocking and cap for the purpose of determining whether the witness could then identify him. We disagree with defendant's contention.

Requiring the defendant in a criminal case to don special clothing has been held not to violate the defendant's due process rights. *Holt v. United States,*

218 US 245, 31 S Ct 2, 54 L Ed 1021 (1910) (defendant required to wear a blue blouse) ; *United States v. King,* 433 F2d 937 (9th Cir 1970), *cert denied* 402 US 976 (1971) (defendant required to don distinctive clothing).

We have not had referred to us nor have we been able to find a case in which the precise question presented here has previously been ruled upon in Oregon. In *State v. Fisher,* 242 Or 419, 410 P2d 216 (1966), the question was whether a handwriting exemplar could be taken from a defendant without first informing him of his right to counsel. The court decided that such was not violative of his right to counsel and his privilege against self-incrimination. The decision included the following which, though dictum, expresses apparent approval of the procedure followed in the present case:

> "Also, even in the trial of a case, a defendant may be required to exhibit himself in different costumes, *Holt v. United States,* 218 US 245, 31 S Ct 2, 54 L ed 1021, to stand up and remove his glasses, *Rutherford v. State,* 135 Tex Crim 530, 121 SW2d 342, or to reveal tattoo marks on his arm, *State v. Ah Chuey,* 14 Nev 79, 33 Am Rep 530." 242 Or at 421.

*See also State v. Miller,* 2 Or App 353, 467 P2d 683, Sup Ct *review denied* (1970) (defendant required to speak—voice identification) ; *State v. Carcerano,* 238 Or 208, 214-15, 390 P2d 923 (1964), *cert denied* 380 US 923 (1965) (compelling defendant to arise).

In this case the trial court had the benefit of being able to observe whether the donning of the stocking rendered the defendant unrecognizable; that is, whether defendant with the stocking on necessarily looked the same as anyone else wearing a stocking over his face or whether recognizable features ap-

peared from which the witness could fairly make an identification. It is precisely this exercise of judgment which is within the discretion of the trial court. Where the witness had not seen the defendant without the stocking and welder's cap, and where he positively identified him after the stocking and hat were donned, we fail to find that defendant was treated unfairly or that there was any abuse of the trial court's discretion.

■ We cannot entertain the other assignment of error which requests us to reconsider the Oregon Supreme Court's holding in *State v. Kessler*, supra. Whether that decision is at odds with *Naughten v. Cupp*, supra, is not a matter which concerns this court for we are bound by *Kessler. See State v. Blocher*, 10 Or App 357, 499 P2d 1346, Sup Ct *review denied* (1972).

Affirmed.