Argued December 16, 1975, reversed and remanded for a new trial March 22, petition for reconsideration denied June 6, petition for review denied June 22, 1976

STATE OF OREGON, *Respondent,*

*v.*

CLAREN KOKE McBAIN, *Appellant.*

(No. 74-5657, CA 4854)

547 P2d 188

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Upon trial by jury defendant was convicted of rape in the first degree, ORS 163.375. We reverse and remand on the ground that the trial judge permitted submission to the jury of identification evidence based upon an impermissibly suggestive procedure. *Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L Ed 2d 1247 (1968); *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967).[1]

The only direct identification was made by the prosecuting witness who testified that she had been raped by an unknown assailant in July of 1974, which was some ten months prior to commencement of trial. When she saw the defendant in the courtroom all she could say was that he looked somewhat like the man who had raped her, but that for various reasons she could not be certain. She testified, however, that in August 1974 the police had shown her nine photographs and that one of these photographs positively was a picture of her assailant. The photograph was of the defendant. It was the only photograph of the nine showing a darkly bearded, heavy-set man (although not the only bearded man). She had described her assailant to the police as having these characteristics immediately after the rape occurred.

It is true that there was circumstantial evidence tending to connect the defendant with the incident and that the prosecutrix did make a tentative identification of the defendant in the courtroom. However, the only positive identification came through the photographic display and it was conducted in such a manner as to be impermissibly suggestive. Under these circumstances we cannot say that the admission of the photograph and testimony concerning it constituted harmless error.

Reversed and remanded for a new trial.

---

[1] Defendant's other assignments of error do not warrant discussion.

**LEE, J.,** dissenting.

The prosecutrix resided in an apartment complex with two roommates. On the evening of July 12, 1974 the prosecutrix was attending a party in the recreation room of the complex. She passed out and was carried to her room by the defendant. The prosecutrix claims that she remembers waking up and finding defendant on her and says that when she asked defendant who he was, he jumped off her and departed. At that time the bedroom was dark but the light was on in the adjacent hall. The prosecutrix remembers that the man had dark shaggy hair, a dark beard, a white tee shirt, and dark pants. She also recalled that he had a blocky build and was heavy.

Sometime between July 12 and July 19, the defendant came to the women's apartment and asked one of the roommates to go out with him. While defendant was there the prosecutrix observed him from a window. It was daylight. She noticed that the man had blue jeans, a white tee shirt, dark hair, a beard, a baby face, and was of heavy build. She claimed that he was the same person who was in her room the night of July 12.

On July 19 about 2:15 a.m. the prosecutrix testified that she went into her bedroom and was grabbed by someone who put a blouse over her head. The assailant then forced her to have sexual intercourse with him. The bedroom was dark but there were lights on in the adjacent hall and bathroom. The police were notified. The prosecutrix claims that she obtained a glimpse of the assailant from beneath the blouse. She said he had blue jeans, a white tee shirt, dark hair, a beard, pudgy face, and was of heavy build. She said it was the same man whom she found on top of her the evening of July 12 and later saw talking to her roommate.

The prosecutrix gave a description of the assailant to the police. The *description led to the defendant* with whom the police had made contact "approximately a week earlier in another situation."

On August 8 the police showed the photograph to the prosecutrix along with eight other photographs. Three of the nine photographs show men with beards. Defendant's picture is one of the three. Defendant's picture is the only one showing a bearded man with a heavy-set build. The prosecutrix picked out defendant's picture. She testified at the trial that it was a picture of the man who raped her and that he was the same man she had seen on the *two previous occasions.* Even though the photographic display may have been "impermissibly suggestive," this conclusion does not necessarily require reversal.

In relying on *Simmons,* the majority does not give weight to the further language of that decision as follows:

> "* * * [C]onvictions based on eyewitness identification on trial following a pretrial identification by photograph will be set aside on that ground *only if* the photographic identification procedure was so impermissibly suggestive as to give rise to a *very substantial likelihood of irreparable misidentification. * * *"* (Emphasis supplied.) 390 US at 384.

It was established that (1) the prosecutrix had had two prior opportunities to view the defendant; (2) the prosecutrix gave a description consistent with that of the defendant immediately after the rape and prior to being shown the pictures; (3) the prosecutrix expressed no hesitancy in picking out the photograph, both initially and at trial; and (4) less than three weeks elapsed between the rape and the prosecutrix's identification of the defendant's photograph. Therefore, I believe that under the facts of this case, there was not a "very substantial likelihood of irreparable misidentification."

Granting that there was suggestiveness, that alone does not render the identifying testimony inadmissible. *Neil v. Biggers,* 409 US 188, 199-200, 93 S Ct 375, 34 L Ed 2d 401 (1972).

In *Neil* (which was also a rape case), the court found that the "central question" in such cases is

"* * * *whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive.* As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation." (Emphasis supplied.)

Considering the "totality of the circumstances," the prosecutrix's identification was, in my opinion, reliable.

Accordingly, I respectfully dissent.