MORAN, *Appellant,*
*v.*
CITY OF MILWAUKIE, *Respondent.*
(No. 92157, CA 7656)
568 P2d 711

Allen T. Murphy, Jr., Portland, argued the cause for appellant. With him on the briefs was Richardson, Murphy & Nelson, Portland.

Myer Avedovech, City Attorney, Milwaukie, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an action for wages due. Plaintiff and his assignors were firemen employed by the City of Milwaukie. Their pay during part of the 1973-74 fiscal year was computed according to a city-wide wage schedule which had been adopted by the city council instead of according to the provisions of a collective bargaining agreement between the City and the firefighters. When that inadvertence was discovered, it became apparent that some firefighters had been overpaid and others underpaid. The City paid the additional amounts owing under the contract to those in the underpaid classifications. It also sought to collect the overpayments to other firefighters by deductions from their current wages. Plaintiff and his assignors are among those whom the City claims to have overpaid.

Plaintiff contends on appeal that he was not overpaid because the collective bargaining contract was not properly adopted by the City and was therefore invalid. At trial, the contract, signed by the mayor on behalf of the City, was in evidence. There was no evidence of authorization by the council for the mayor to have signed it.

The trial court found that the "employment contract entered into by the city and signed by the Mayor * * * was a valid and subsisting agreement." We may not set aside that finding unless it is unsupported by evidence. The contract is regular on its face. The finding is supported by the disputable presumption that official duty has been regularly performed, ORS 41.360(15). *State v. Devore,* 4 Or App 425, 479 P2d 1013 (1971); *cf., Kernin v. City of Coquille,* 143 Or 127, 21 P2d 1078 (1933). There is no disputing evidence of lack of authority of the mayor to sign contracts in general or this contract in particular. We therefore uphold the trial court's finding.

Affirmed.