Argued July 27, affirmed September 26, reconsideration denied
November 2, 1977, petition for review pending

STATE OF OREGON, *Respondent,*

*v.*

CLAREN KOKE McBAIN, *Appellant.*

(No. 74 5657, CA 7562)

569 P2d 630

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Brian R. Barnes, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Following our opinion reversing in *State v. McBain,* 24 Or App 737, 547 P2d 188, Sup Ct *review denied* (1976), defendant was again tried for rape, again convicted and again appeals. The issue again concerns identification evidence.

In defendant's first trial, the victim was not able to make a positive in-court identification of defendant as her assailant. Evidence was introduced in that the police took a photograph of defendant within a few hours after the victim reported she was raped; that the police displayed defendant's picture along with eight others to the victim; and that the victim selected defendant's photograph as a picture of her assailant. We reversed defendant's conviction following the first trial on the ground that the display of photographs was impermissibly suggestive—defendant's photograph being the only one that matched the victim's description of her assailant. *State v. McBain, supra.*

In an omnibus hearing just before defendant's second trial, the victim again testified that defendant resembled her assailant, but that she could not positively identify him as such. She noted that since the time of the rape, defendant had shaved his beard, styled his hair differently, lost weight and begun wearing glasses. The state then moved and the trial court ordered that theatrical makeup experts would be allowed to alter defendant's appearance so that he would look as he had at the time of the rape. The makeup experts, guided by the photograph police had taken of defendant just after the rape, restyled defendant's hair, placed a false beard on him, etc., during a trial recess. Out of the presence of the jury the victim testified that she was then able to make a positive identification of defendant without thinking at all about the photograph of defendant which she had not seen since the first trial. The trial court found:

"* * * beyond a reasonable doubt that the * * * [victim] is able to make an independent identification of

the defendant in his present state of appearance; and that this identification is independent entirely of any photographs * * * and that anything which might have been illegal in regard to [the impermissibly suggestive earlier display of photographs] * * * has all been purged at this time because of the ability of the prosecutrix to make an independent identification * * *."

In the presence of the jury, the victim then identified defendant as her assailant. The jury was aware of the procedure employed, having observed defendant before and after his appearance was transformed by the makeup experts.

■  In the trial court defendant objected to this "entire procedure" and on appeal contends the trial court "erred in permitting identification testimony." Defendant's arguments, as we understand them, are based on the premise that the picture taken of him within hours after the crime was unduly suggestive. We did not previously so hold and see no basis for now so holding. In defendant's first trial, it was not the photograph of himself that was suggestive, but rather that photograph *in context* with eight dissimilar photographs. *See State v. McBain, supra.* In defendant's second trial, the photograph of him was introduced to show his appearance at the time of the rape and for the jury to evaluate the completeness and accuracy of the makeup experts' work. The photograph itself was not used for identification of defendant. We perceive no error in the admission of the photograph.

■  Nor do we perceive any error in ordering that defendant allow makeup experts to alter his appearance. *See State of Oregon v. Fisher,* 242 Or 419, 410 P2d 216 (1966); *Kessler v. Cupp,* 11 Or App 392, 502 P2d 281, Sup Ct *review denied* (1973). In general, the body of law that limits the pretrial gathering of identification evidence through lineups, photo throwdowns, etc., is not applicable to identification evidence generated during a trial. The rationale for the distinction is that pretrial identification evidence is regarded by the courts as presenting certain risks that can only

be reduced by a prophylactic rule limiting its admission in certain situations; however, the process of developing identification evidence during a trial can be controlled by the trial court and monitored by the jury, as happened in this case. Having observed the entire process of the in-court identification, the jury was free to find it unpersuasive. But this is no reason to hold the in-court identification evidence inadmissible.

■■ An exception to the general rule making in-court identification evidence admissible applies when the in-court identification is the product of or tainted by a prior illegal out-of-court identification. In this case the trial court made an explicit finding that the in-court identification was not the product of or tainted by any prior illegality. If that is a question of fact, there is substantial evidence to support the trial court's finding—specifically, the testimony of the victim to that effect. If, instead, taint is a question of law for our independent determination, there is no basis in this record for finding taint unless we are prepared to hold as a matter of law that an illegal out-of-court identification always taints a subsequent in-court identification. We are not prepared to so hold.

Affirmed.

**JOHNSON, J.,** dissenting.

This case presents a dilemma because of our decision in *State v. McBain,* 24 Or App 737, 547 P2d 188 (1976) (McBain I).

In *McBain I,* the victim testified that, although defendant looked somewhat like the man who raped her, she could not make a positive in-court identification. She was then shown a photograph taken of defendant shortly after the crime and identified the photograph as that of her assailant. We reversed defendant's subsequent conviction on the ground that the photograph was inadmissible.

The photograph was first shown to the victim during the police investigation as part of a nine-picture throwdown. It was the only photograph which portrayed a darkly bearded, heavily set man, as the victim had described her assailant. We held this photographic display impermissibly suggestive, citing *Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L Ed 2d 1247 (1968). The United States Supreme Court stated in *Simmons* that a pretrial photographic identification shall be excluded if the "procedure was so impermissibly suggestive as to give rise to a *very substantial* likelihood of *irreparable* misidentification." 390 US at 384. (Emphasis added). The court pointed out that the danger of suggestive photographic procedures leading to irreparable misidentification results from the fact that "the witness thereafter is apt to retain in his memory, the image of the photograph rather than the person actually seen, reducing the trustworthiness of the subsequent lineup or courtroom identification." 390 US at 384.

The facts in the present case are substantively indistinguishable from those in *McBain I.* Here, in lieu of identifying defendant from the tainted photograph, the victim made an identification of defendant made up to resemble the photograph. In *McBain I* we held as a matter of law that the suggestive procedure employed by the police tainted the identification from the picture to the degree that "a very substantial likelihood of irreparable misidentification" existed. The trial court here in effect disregarded *McBain I* and concluded that the picture was not so tainted that it could not be used as the basis for another identification. There is no evidence to support the trial court's finding that the in-court identification was independent of the pre-trial photographic identification. The victim's testimony that she was making her identification not from the photograph but from the way defendant looked in the courtroom after he was made up is irrelevant. His appearance in the courtroom was derived from the tainted picture. Following the

reasoning of the majority, the prosecution could alternatively have asked the victim to identify a sketch, drawing, or even a photographic reproduction of the original picture. The majority in effect not only overrules *McBain I* but has effectively destroyed the exclusionary rules for impermissible identification of the United States Supreme Court.

I am reluctant to dissent in this case because in my opinion our decision in *McBain I* was in error and the original conviction should have been sustained. That decision was premised on an unduly restrictive view of the exclusionary rule as it applies to suggestive identification procedures. In that case we disregarded "the totality of the circumstances" test announced by the United States Supreme Court in *Manson v. Brathwaite,* — US —, 97 S Ct —, 53 L Ed 2d 140 (1977); *Neil v. Biggers,* 409 US 188, 93 S Ct 375, 34 L Ed 2d 401 (1972); *Simmons v. United States, supra; Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967). In particular, we ignored the evidence concerning the victim's opportunity to view her assailant at the time of the crime, her degree of attention, the accuracy of her description prior to the photographic identification, the level of certainty she demonstrated at the time she identified the photograph and the length of time between the crime and the photographic identification. *See, Neil v. Biggers, supra,* 409 US at 200; *McBain I,* (dissenting opinion).

However, I believe we may be bound by *res judicata* and in any event should be bound considering the policy behind that doctrine. It would be unwise for this court to willy-nilly overrule itself in the same case because one panel disagreed with another or because during the pendency of the case there had been a substantial change in the membership of this court.

I respectfully dissent.