Submitted on remand from the Oregon Supreme Court October 29, 1985, reversed and remanded for new trial April 9, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# FRANK LEE HARRIS,
*Appellant.*

(149,287; CA A33247)

717 P2d 242

Lawrence Wm. Jordan, Salem, for appellant.

No appearance for respondent.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore.

Van Hoomissen, J., dissenting.

## GILLETTE, P. J., Pro Tempore

Defendant was convicted of sexually abusing his 3 1/2 year old son. We affirmed the judgment on his original appeal. *State v. Harris,* 74 Or App 367, 704 P2d 553 (1985). On remand from the Oregon Supreme Court on defendant's petition for review, we are now asked to reconsider our earlier affirmation in the light of *State v. Campbell,* 299 Or 633, 705 P2d 694 (1985). We reverse.

At defendant's trial, the judge, after ruling that the victim was incompetent to testify due to his age, nonetheless admitted into evidence, over appropriate objections, statements made by the victim to both his mother and grandmother, which implicated defendant. The court admitted the hearsay testimony of the mother and grandmother under the residual exception to the rule against hearsay. OEC 803(24).

In *State v. Campbell, supra,* the court ruled that, for admission of unexcited hearsay declarations of sexual misconduct, the pertinent exception to the rule against hearsay is OEC 803(18a).[1] The availability of that specific exception excludes the use of the general residual hearsay exception in OEC 803(24). Thus, in this case, the trial court erred by admitting the hearsay statement under the residual hearsay exception. Furthermore, because the hearsay testimony went to the details of the victim's complaint, the statements exceeded the limits of admissibility permitted by OEC 803(18a). *State v. Campbell, supra,* 299 Or at 646.

Reversed and remanded for a new trial.

## VAN HOOMISSEN, J., dissenting.

Defendant contends that the trial court erred in admitting the hearsay testimony of the victim's mother, his grandmother and of a police officer as to what the victim told them about defendant. We need not reach the question

---

[1] OEC 803 provides in part:

"The following are not excluded by Rule 802, even though the declarant is available as a witness:

"* * * * *

"(18a) Complaint of sexual misconduct. A complaint of sexual misconduct made by the prosecuting witness after the commission of the alleged offense. Such evidence must be confined to the fact that the complaint was made."

whether admitting the evidence was error under the rule of *State v. Campbell,* 299 Or 633, 705 P2d 694 (1985). If it was error, the error was harmless beyond a reasonable doubt. I would affirm the conviction. Therefore, I respectfully dissent.

Before trial, defendant moved to exclude various hearsay testimony. The court ruled that a social worker could not testify but that the testimony of the mother and grandmother and of the police officer was admissible under OEC 803(24), the residual category for evidence with its own circumstantial indicia of trustworthiness.

All three witnesses testified about what the victim told them about defendant's conduct and that the victim had identified defendant as the person who had engaged in that conduct. Defendant contends that that evidence was inadmissible hearsay and that it should have been excluded.

The victim's half-brother also testified. On direct examination, he was not questioned about the victim's statements to him, only about conduct which he had witnessed. On cross examination, defendant's attorney questioned the half-brother as follows:

"Q. Did [the victim] ever say anything to you about sexual behavior?

"A. No, he never mentioned it.

"Q. Never said anything about playing with his tee-tee or let's do this or somebody's done that?

"A. Well, when are you talking about? When Frank Harris was living there, no, he never mentioned it there. He mentioned it after we — left that house. We went to my grandmother's and he mentioned it there to me and he's been mentioning it all the time since then.

"Q. Still mentions it?

"A. Yes, still mentions it.

"* * * * *

"Q. Now, did you hear any comments by [the victim] at your grandmother's house?

"A. Yes, I did.

"Q. What kind of comments did he make there?

"A. He made the—he said that my dad or Frank— he

calls him Frank—he says my dad stuck his tee-tee in my mouth."

Defense counsel did not object to that testimony. Therefore, the testimony of the mother, grandmother and police officer regarding similar statements the victim made to them was merely cumulative evidence. *State v. Randolph,* 251 Or 45, 47, 444 P2d 545 (1968); *State v. Nunes,* 251 Or 49, 53, 444 P2d 542 (1968); *State of Oregon v. Lanegan,* 192 Or 691, 695, 236 P2d 438 (1951). Any error was harmless beyond a reasonable doubt. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Furthermore, the evidence satisfies the *Campbell* rule. In *Campbell,* the Supreme Court held that the hearsay statements of a victim of sexual abuse are admissible if they meet the requirements of OEC 803(18a). *State v. Campbell, supra,* 299 Or at 640. Although the testimony in this case was admitted under OEC 803(24), that does not end the inquiry if part of the testimony was admissible. *State v. Campbell, supra,* 299 Or at 640.

Rule 803(18a) provides that some hearsay statements are admissible, including:

"A complaint of sexual misconduct made by the prosecuting witness after the commission of the alleged offense. Such evidence must be confined to the fact that a complaint was made."

The mother, the grandmother and the police officer could have testified that the victim told them about the incident and they could have briefly described the nature of the victim's statement, "even though it involves to some extent the particulars thereof." *State v. Campbell, supra,* 299 Or at 646, *quoting State v. Haworth,* 143 Or 495, 497-98, 21 P2d 1091 (1933). Thus, defendant's only legitimate objection can be that the witnesses included the victim's identification of defendant as being the person who committed the sexual misconduct. However, the identity of defendant as being the person who committed the sexual misconduct had been elicited by defense counsel on the cross-examination quoted above. In addition, his identification of defendant merely corroborated the mother's and the half-brother's testimony that they observed defendant holding the victim's penis and *defendant's* admission that he was holding the victim's penis. As a result, the

hearsay statements identifying defendant were also merely cumulative evidence. If there was any error, the error was harmless. *State v. Randolph, supra; State v. Nunes, supra; State of Oregon v. Lanegan, supra.*

Defendant was not denied his right to confrontation and cross-examination when the court declared that the victim was incompetent to testify. *State v. Campbell, supra,* 299 Or at 653, *Ohio v. Roberts,* 448 US 56, 100 S Ct 2531, 65 L Ed 2d 587 (1980). Admission of the hearsay statements was necessary, because the victim was declared incompetent to testify. There was evidence in the testimony of the mother and half-brother of the events they saw upon returning home on the day in question showing that the victim's statements were credible. Further, the hearsay exception for a "complaint of sexual misconduct" is firmly rooted. *State v. Campbell, supra,* 299 Or at 650. Finally, the child's statements corroborate defendant's admission that he was holding the victim's penis.

Defendant also challenges the sufficiency of the evidence to support his conviction. At trial, he did not move for a judgment of acquittal. Therefore, he did not preserve the issue for appeal. *State v. Lindsey,* 45 Or App 607, 609 n 1, 609 P2d 386 (1980).