No. 707 August 6, 2025 411

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AARON PAUL SHANNON,
*Defendant-Appellant.*

Lane County Circuit Court
22CR29343; A181309

Debra K. Vogt, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of first-degree unlawful sexual penetration, ORS 163.411(1)(b).[1] In a single assignment of error, defendant contends that the trial court plainly erred in giving a jury instruction on witness testimony. We conclude that the trial court did not plainly err, and therefore, we affirm.

A recitation of the underlying facts is unnecessary and would not benefit the bench, the bar, or the public. Defendant challenges the following preliminary jury instruction given before witness testimony began:

> "Every witness will take an oath to tell the truth and is assumed to speak truthfully.
>
> "However, this assumption may be overcome by the manner in which the witness testifies; the nature or quality of the witness's testimony; contradictory evidence that you find to be more probably true; evidence concerning the bias, motives, or interests of the witness; and evidence that the witness has been convicted of a previous crime."

The state and defendant had requested other standard instructions on witness testimony. However, both counsel had the opportunity to review the court's proposed preliminary instructions. When asked if there were any objections, defense counsel confirmed that the court's proposed instructions "were fine."

On appeal, defendant acknowledges that his assignment of error is unpreserved. He contends that the trial court plainly erred in giving the instruction because it impermissibly commented on the evidence, constituted vouching, and improperly shifted the burden of persuasion to defendant. We conclude that the asserted error is not plain because any error is not obvious and beyond reasonable dispute. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (one of the requirements of plain error review is that the error must be "obvious and not reasonably in dispute").

As defendant acknowledges, the preliminary instruction given by the trial court is substantially similar

---

[1] Defendant was also charged with one count of first-degree sexual abuse. Prior to trial, the court dismissed that count on the state's motion.

to ORS 44.370 and to the instruction upheld by the Supreme Court in *State v. Kessler*, 254 Or 124, 127, 458 P2d 432 (1969).[2] In *Kessler*, the court noted that, while it is perhaps preferable not to instruct the jury that a witness is presumed to speak the truth, the instruction was permissible "if accompanied by an explanation of how the presumption can be overcome." *Id.* at 128. Because the instruction in this case is substantially similar to the instruction at issue in *Kessler*, and because *Kessler* has not been overruled by the Supreme Court, we are bound by the court's decision in that case. *See State v. Blocher*, 10 Or App 357, 362, 499 P2d 1346 (1972) (explaining that we are bound by *Kessler*); *State v. Shumway*, 44 Or App 657, 664, 607 P2d 191 (1980), *aff'd*, 291 Or 153, 630 P2d 796 (1981) (where the Supreme Court has approved jury instructions, we are bound by those holdings). At a minimum, it would not be obvious error for a trial court to apply the current statute, ORS 44.370, and standing Supreme Court case law when instructing the jury. We are also not persuaded that it is obvious that *Kessler* has been implicitly overruled by subsequent case law. We leave it to the Supreme Court to decide whether it wishes to revisit that law.

In light of *Kessler*, defendant has not persuaded us that the trial court's instruction was obvious error for any of the reasons he articulated.[3] We therefore conclude that the court did not plainly err by giving it.

Affirmed.

---

[2] The instruction at issue in *Kessler* provided: "Now every witness is presumed to speak the truth. This presumption may be overcome by the manner in which the witness testifies, by the nature of his or her testimony, by evidence affecting his or her character, interest or motive, by contradictory evidence or by a presumption." *Kessler*, 254 Or at 127.

[3] We similarly reject defendant's argument that the instruction violated the federal constitution. The United States Supreme Court has held that a similar jury instruction did not violate the defendant's federal constitutional rights. *Cupp v. Naughten*, 414 US 141, 149, 94 S Ct 396, 38 L Ed 2d 368 (1973). Given that holding, and our conclusion that the instruction did not obviously improperly shift the burden of persuasion to defendant, we conclude that giving the instruction was not plain federal constitutional error.