The People of the State of New York, Plaintiff, *v.* Harry Strauss and Others, Defendants.

County Court, Kings County, September 4, 1940.

*William O'Dwyer, District Attorney*, for the plaintiff.

*Daniel H. Prior*, for the defendant Strauss.

Taylor, J. The district attorney moves for an order requiring that the defendant Harry Strauss be forcibly shaven, and have the hair on his scalp forcibly trimmed, for the purpose of his appearance in court for trial on this indictment. It appears that while incarcerated awaiting trial, defendant has changed his appearance by permitting his hair to go untrimmed and by refusing to be shaved. His scalp hair is long and his face is substantially hidden by a heavy beard. At the same time he has acted in so strange a manner as to cause a medical examination to be made as to his sanity. The psychiatrists of the Kings County Hospital, who made the examination, failed to confirm defendant's claim of insanity by clinical findings. However, the question of legal insanity is ultimately one for the trial jury, and the trial has been set for an early date.

It is contended in support of the motion that the defendant's purpose in disguising his face is a dual one; *first,* to assume the wild appearance of manic psychosis; *second,* to make identification difficult, may be impossible. Both of these inferences are sufficiently established.

The question to be here determined is one of judicial power, and propriety of judicial discretion.

The defendant contends that his constitutional rights will be invaded by the proposed order, and that apart from the constitutional question, the proposed order would go further than legitimate court functions permit.

The constitutional safeguard against compelling a defendant in a criminal proceeding to be a witness against himself does not apply. That refers to testimonial compulsion, as a " witness," at a court hearing or trial, and the word " witness " is the key-word. (*People* v. *Defore*, 242 N. Y. 13, 27; *People* v. *Gardner*, 144 id. 119; *People* v. *Van Wormer*, 175 id. 188; *Rice* v. *Rice*, 47 N. J. Eq. 559; 21 A. 286; *State* v. *Wentworth*, 65 Me. 234, 241; 7 Wigmore on Evidence [3d ed.], §§ 2263, 2265; *State* v. *Tettaton*, 159 Mo. 354; 60 S. W. 743; *Ross* v. *Indiana*, 204 Ind. 281; 182 N. E. 865; *O'Brien* v. *State*, 125 Ind. 38; 25 N. E. 137; *Holt* v. *United States*, 218 U. S. 245; *Vaughan's Trial*, 13 How. State Trials, 517; *Robinson's Trial*, 11 Am. State Trials, 528.)

Apart from the constitutional question, which is hereby resolved against the defendant, the propriety of the proposed act is amply supported by analogy, in the authorities just cited. The trial court may direct where the defendant shall sit, in what direction he shall face, and to stand up for the purpose of identification. Also, it may strip him of any artificial covering or disguise, and may compel him to submit to compulsory disrobing for the purpose of revealing bodily marks or characteristics which may aid in identification. It may hardly be gainsaid that a defendant may be compelled to appear cleanly washed, suitably dressed and with hair properly combed and brushed.

The defendant's argument that this being a natural, rather than an artificially applied, disguise, provides a controlling basis for distinction, is not well taken. In all moot matters the stretching of basic assumptions may admit of sufficient in logic to support either side of the question. Therein lies the peril to sensible decision. That peril should be avoided here. Sound public policy seems to be the determining factor in a holding, which is now made, that any and all manner of disguise, whether naturally or artificially applied, is intolerable where — with all legitimate individual rights duly respected — a public right may be invaded by the use of a disguise with the reasonable likelihood of impeding thereby the enforcement of criminal law.

The motion is granted.