[No. 40147. Department Two. April 10, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. STUART CALVIN DIETRICH, *Appellant*.*

*Henry P. Opendack,* for appellant.

*Reported in 453 P.2d 654.

*Charles O. Carroll* and *Paul M. Acheson,* for respondent.

PER CURIAM.—The appellant, Stuart Calvin Dietrich, was convicted of the crimes of armed robbery and taking and riding in an automobile without permission of the owner.

On May 2, 1967 Steven Chevalier entered a laundromat and proceeded to do the family laundry. He noticed appellant leave the laundromat and return a short time later wearing a mask and armed with a gun. Appellant robbed Chevalier of his wallet and keys to his car, and then drove off in the Chevalier car. He was apprehended, armed with two loaded guns, several miles from the laundromat in the car.

Appellant contends that he remembers nothing of the incident until he was arrested. Prior to that time he asserts that he had been "ill and confused" for several days and had been walking around in a daze. He claimed he did not have the guilty intent necessary to convict him of the crime.

■ Appellant first assigns error to the trial court's failure to give appellant's instruction regarding criminal intent, and argues that failure to give such instruction prevented him from arguing his theory of the case. The record reveals that several instructions contained references to criminal intent and the requisites necessary for a conviction. The instructions given provided counsel ample opportunity to argue his theory of the case and the assignment is therefore without merit. *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968).

■ Appellant also assigns error to the court giving an instruction to the jury telling them they were the sole judges of the credibility of the witnesses, and that in weighing the testimony they should consider if the witness has any interest in the outcome of the trial. Appellant argues that such instruction led the jury to believe that they could disregard appellant's testimony because he had an interest in the outcome of the case. This assignment is also without merit. This court has long recognized that it is the function and province of the jury to weigh the evidence and determine the credibility of the witnesses and

678

decide disputed questions of fact. *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967); *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965); *State v. McDaniels,* 30 Wn.2d 76, 190 P.2d 705 (1948).

The judgment is affirmed.

June 25, 1969. Petition for rehearing denied.

*Reported in 453 P.2d 644.