Bernard Dubin, J.
This is a motion brought by the respondent, Louis Vega, by means of an order to show cause for an order vacating this court’s order dated May 30,1975.
The respondent is presently incarcerated in the Bronx House of Detention, Bronx County. There are no charges or proceedings pending against the respondent in Queens County.
On May 5, 1975 and May 12, 1975 the respondent, Louis Vega, was identified by four persons from photographs as *719 being the perpetrator of robberies which had occurred in Queens County on April 1, 1975 and April 3, 1975. The photograph of the respondent picked by the four persons was submitted to this court for review and the respondent appears therein without a beard.
On May 23, 1975 the respondent, who had grown a beard at this time, was placed in a lineup with others who also had beards. The four persons who had identified the respondent by photograph could not identify him at this lineup.
The District Attorney of Queens County submitted and this court signed an ex parte order on May 30, 1975 (the subject of this motion) in which the respondent was ordered to appear in a lineup and for the respondent’s beard to be removed prior to his appearance in the lineup.
This court, in order to protect the respondent in any future proceeding that may arise as a result of this court’s order dated May 30, 1975, ordered the District Attorney to notify respondent’s counsel of the time and place of the removal of the beard and of the lineup.
Respondent’s counsel argued three points: (1) that the ex parte order was improper; (2) that the People have no right to bring the defendant from Bronx County to Queens County for a lineup where there are no judicial proceedings pending against the respondent in Queens County; and (3) that the respondent has a constitutional right to wear a beard.
As to the respondent’s first point, the question is moot. The respondent’s attorney appeared before this court and submitted affidavits in opposition to the court’s order dated May 30, 1975. Further, respondent’s counsel appeared before this court on June 24, 1975 and argued on the merits stating his contentions in opposition to the above order.
As the respondent has not as yet had his beard removed nor has he been produced for the lineup as ordered on May 30, 1975, the respondent can hardly be said to have been denied due process.
The court now turns its attention to respondent’s second point. Respondent relies on the Matter of Mackell (59 Misc 2d 760). In Matter of Mackell (supra) an application was made by the District Attorney of Queens County for an order directing that a lineup be held of an inmate incarcerated in Manhattan after having been convicted of robbery in Richmond County. The application further requested that the inmate be shaved *720 of his beard before his appearance in the lineup. The court denied the District Attorney’s application stating (p 765): "that the respondent * * * is not a defendant in any proceeding in this county. He is merely a suspect against whom the District Attorney has thus far established no probable cause warranting an arrest. True it is that in Rigney v Hendrick (355 F2d 710) the court held that prisoners who are awaiting trial for other offenses were not denied due process and were not deprived of their privilege against self-incrimination by being compelled to appear in a lineup to be viewed by victims of other offenses without first being arrested and charged with the specific crimes for which they would be viewed. The ratio decidendi of the majority of the court in that case was that since prisoners were already in custody, no useful purpose would be served by rearresting them on a new charge, and that the failure to so arrest them 'did not immunize them from being looked upon or overheard for the purposes of identification.’ (p 715.)”
It should be noted that the court in the Mackell case found that the District Attorney had no probable cause warranting an arrest.
From a careful reading of all the papers and exhibits in the instant matter, this court distinguishes the instant matter from Matter of Mackell (supra) since four persons identified the respondent from photographs as being the alleged perpetrator of robberies in Queens County.
This court now finds that the District Attorney has established probable cause warranting an arrest of the respondent.
The issue of whether prisoners, confined on charges, who might be compelled to appear in a lineup to be viewed by victims of other offenses was raised in Rigney v Hendrick (355 F2d 710, cert den 384 US 975). The court in that case found that such a lineup did not violate due process; did not constitute self incrimination or discriminate against nondefendants and held the lineup procedure to be a valid exercise of police powers.
The third and last point raised by respondent’s counsel is the issue of whether or not the court may direct the respondent’s beard be removed for the purposes of his appearance in a lineup.
The viewing of a suspect in a compulsory lineup does not violate his constitutional privilege against self incrimination (Fifth Amendment). Further, a defendant may be required to *721 perform physical acts, demonstrations or display physical characteristics, without invasion of his constitutional privileges. There is a distinct difference between requiring a suspect from displaying his bodily features as compared to compelling him to testify against himself. (Caldwell v United States, 338 F2d 385, cert den 380 US 984; Holt v United States, 218 US 245, 252; United States v Wade, 388 US 218.)
A case dealing directly with the removal of facial hair is People v Strauss (174 Misc 881). There the District Attorney applied for an order requiring that the defendant be forcibly shaved and the hair on his scalp trimmed for his appearance in court. It appeared that since his arrest defendant had permitted his face to be covered by a heavy beard. The court granted the application of the District Attorney, stating: "a public right may be invaded by the use of a disguise with the reasonable likelihood of impeding thereby the enforcement of criminal law.”
As this court finds probable cause in the instant matter and in view of the decision in Rigney v Hendrick (supra), the respondent’s application for an order vacating this court’s order dated May 30, 1975 is denied in all respects.