[No. 41515-8-I.    Division One.    April 20, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. LEON T. SMITH, JR., *Petitioner.*

---

[4]*State v. Aguilar-Rivera*, 83 Wn. App. 199, 920 P.2d 623 (1996).

*Jeffrey E. Ellis* and *Marian L. Naden* of *The Defender Association*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Melinda J. Young, Deputy*, for respondent.

BAKER, J. — A trial court has discretion to order a criminal defendant to be groomed before appearing in a lineup to duplicate his or her appearance at the time of the alleged criminal act. Unless the trial court is presented with irrefutable evidence that the defendant's appearance at that time differs from eyewitness descriptions of the perpetrator of the crime, it is not an abuse of discretion to issue such an order based solely on those eyewitness descriptions. We decline to summarily restrict the trial court's discretionary authority to issue such orders when the proper exercise of that authority is highly fact specific.

We dismiss Leon Smith's appeal of the trial court ruling ordering him to shave and appear in a lineup prior to his trial for first degree robbery. We hold that the trial court did not abuse its discretion by issuing the order based solely on eyewitness descriptions of the robber as clean shaven and later eyewitness identifications of the defendant as the robber. Because the trial court did not commit probable error substantially altering the status quo, and the trial court

order did not so far depart from the accepted and usual course of judicial proceedings as to warrant our review, we hold that there is no basis for discretionary review under Rules of Appellate Procedure (RAP) 2.3(b)(2), (3).

I

On the evening of July 11, 1997, Michelle Andes and Heather Hansen witnessed a robbery. At closing time, a man entered the store where they worked and approached Andes. Hansen spent time showing the man some merchandise. Returning to the cash register, the man displayed a firearm and told Hansen to give him the money from the register. The man put the two witnesses into a back room and closed the door. Fingerprints found on the doorknob do not match Smith's.

Hansen called 911. When asked if the man had any facial hair, specifically a beard or a mustache, Hansen replied: "No. No facial hair." On the day of the robbery both witnesses completed a Suspect Physical Description Statement. Hansen checked boxes indicating that the robber was well groomed and clean shaven. Andes did not check the box "clean shaven," but also did not check the boxes indicating that the robber had a mustache or beard. According to Andes' statement, the robber wore a hoop earring in his left ear. Apparently, Smith does not have pierced ears.

On July 21, 1997, Hansen reported that she saw the person who robbed her. Police located and arrested the person she identified, who was Smith. At the time of his arrest, Smith had a beard, which the arresting officer noted he "had had for some time." Hansen again identified Smith as the robber, telling police that she did not remember the robber having any facial hair. According to the State, Hansen later declared that the robber had a couple of days' worth of stubble on his face. When contacted by police, Andes described the robber as not having any facial hair, and again indicated that he wore a hoop earring. The State later charged Smith with robbery in the first degree.

When presented with a photo montage, both Hansen and Andes identified Smith as the person who robbed the store. Hansen positively identified Smith, and Andes tentatively identified him. The photo montage included a picture of Smith with a beard, and five other men with beards.

In October 1997 the trial court heard the State's motion to compel Smith to shave his beard and participate in a lineup. In response to the State's motion, Smith's attorney filed her declaration stating that the director of a plasma donation center sees Smith twice a week, and has known him for approximately five years. The director does not remember ever having seen Smith clean shaven. Routinely updated plasma center identification photos depict Smith with full facial hair. According to the declaration, the director saw Smith on July 8, 1997, and July 13, 1997. Smith had full facial hair on these days. The robbery occurred on the evening of July 11, 1997.

The trial court ordered Smith to shave his beard and appear in a lineup.[1] The trial court order was stayed pending Smith's motion for discretionary review, which was granted by a commissioner of this court under RAP 2.3(b)(2), (3).

## II

Under Superior Court Criminal Rule (CrR) 4.7(b)(2)(i), the court, on motion from the prosecuting attorney or the defendant, may require or allow the defendant to appear in a lineup, subject to constitutional limitations. A suspect may be groomed before appearing in a lineup "to duplicate his appearance at the time of the alleged criminal act."[2] Ordering a defendant to alter his or her appearance is therefore a decision that is within the trial court's discretion. A discretionary determination will

---

[1]The trial court also ordered Smith to wear his glasses in the lineup. Smith does not challenge that portion of the order.

[2]*State v. Ammlung*, 31 Wn. App. 696, 699, 644 P.2d 717 (1982) (citing *State v. Delgado*, 97 Misc. 2d 716, 412 N.Y.S.2d 254 (1978); *State v. McBain*, 30 Or. App. 1055, 569 P.2d 630 (1977)).

not be disturbed on appeal without a clear showing of abuse of discretion, that is, discretion that is manifestly unreasonable or exercised on untenable grounds, or for untenable reasons.[3]

In this appeal, Smith does not contend that any of his constitutional rights have been violated. Instead, he challenges the trial court's authority to order him to shave before appearing in a lineup.[4] According to Smith, case law requires "independent" evidence of his appearance at the time of the robbery before the trial court can compel him to groom before appearing in a lineup. Smith defines independent evidence as evidence other than that coming from the State's eyewitnesses. We reject Smith's argument.

*Ammlung* is the only Washington case addressing this issue. There, the defendant argued that the trial court's grooming order was improper because it was modeled on a photo taken of him five years before the alleged crime.[5] Although the court explained that a person unconnected with the crime had given police a description of the defendant that corresponded exactly with the defendant's appearance in the photograph, it was apparently uncontested that between defendant's arrest and an omnibus hearing, defendant's appearance had changed substantially—he had allowed his hair to grow and acquired a full beard.[6] The court did not rule that the independent description of the defendant was required to support the conclusion that the defendant's appearance after grooming "fairly represented the way he looked at the time of the criminal acts."[7] Neither of the cases cited in *Ammlung* specifically addresses what evi-

---

[3]*State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

[4]In his appellate brief Smith also argues that his appearance in a lineup, following the photo montage already conducted, will be impermissibly suggestive. Although raised before the trial court, this issue is not properly before us. The commissioner's ruling granted discretionary review of only the grooming portion of the trial court order.

[5]*State v. Ammlung,* 31 Wn. App. 696, 699, 644 P.2d 717 (1982).

[6]*Id.* at 698-99.

[7]*Id.* at 699.

dence must exist before a grooming order is appropriate, and therefore do not support an "independent evidence" requirement.[8]

Before a trial court issues an order compelling grooming, it is not required to have before it any evidence of the defendant's appearance on the day of the alleged criminal activity other than eyewitness testimony. Each case will depend upon its particular facts. Such orders relate to pre-trial identification procedures, the propriety of which is subject to exploration at trial and on appeal.[9]

## III

The only evidence linking Smith to the robbery comes from the State's witnesses who have identified Smith, with his facial hair, as the robber. Both witnesses maintain that the robber did not have any facial hair on the evening of the crime, although one of the witnesses later declared that the robber had a couple days' worth of stubble on his face. Smith presents evidence suggesting that he had facial hair on the day of the robbery, but this evidence is not undisputed. When Smith was arrested 10 days after the robbery, the police officer noted that he had facial hair, a beard he had had for some time. From the record, however, we do not know how long it would take Smith to have grown this indeterminate amount of facial hair. Furthermore, the evidence from the plasma center director does not purport to specifically address Smith's appearance when arrested, and may be subject to challenge.

---

[8]*See McBain*, 569 P.2d at 631 (finding no error in trial court's ruling ordering alteration of defendant's appearance so that he could look as he did at time of alleged crime in order to permit victim to attempt an identification; makeup experts were guided by photos taken of defendant just after the crime); *Delgado*, 412 N.Y.S.2d at 254, 257 (defendant opposed State's request for an order directing him to shave and appear in lineup because there was nothing before court indicating that at time of alleged crime perpetrator was clean shaven, other than hearsay statement of the district attorney; defendant apparently did not contest conclusion that since time of the crime, he had grown a beard).

[9]Case law from other jurisdictions predominately addresses grooming orders in the context of a constitutional challenge. Because these cases are highly fact specific, they do not aid our analysis.

It is the function of the jury to weigh the evidence, determine the credibility of witnesses and decide disputed questions of fact.[10] Smith argues that he is not the robber because he had facial hair at the time of the robbery, while the robber was clean shaven. Smith also argues that he is not the robber because his fingerprints do not match those found on the doorknob at the scene of the robbery, and because the robber wore an earring, while he does not have pierced ears. All of this evidence may be presented at trial, and Smith's arguments regarding the evidence are more appropriately addressed to the jury.

Trial courts are not required to conduct an evidentiary hearing before issuing an order compelling a defendant to alter his or her appearance before appearing in a lineup. In the absence of irrefutable evidence of Smith's appearance on the day of the robbery, or within a short time thereafter, we cannot say that the order compels Smith to alter his appearance so that he looks different from the way he looked at the time of the robbery. We find no abuse of discretion.[11]

We hold that Smith's motion for discretionary review was improvidently granted under RAP 2.3(b)(2), (3). Because there was no basis for discretionary review, we dismiss the appeal.

KENNEDY, C.J., and AGID, J., concur.

---

[10]*State v. Dietrich*, 75 Wn.2d 676, 677-78, 453 P.2d 654 (1969). When the trial court granted the State's motion to compel grooming, it explained that it was not its role to weigh the evidence about whether Smith did or did not have a beard. The trial court declined to put itself in the position of the finder of fact at trial.

[11]*See Commonwealth v. Cinelli*, 389 Mass. 197, 449 N.E.2d 1207, 1212-13 & n.12 (1983) (court affirmed order requiring defendant to shave and appear in a pretrial lineup, noting in a footnote that if defendant had been arrested the day after the crime, and had a full beard, there would not have been a basis for the order).